1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6   LEO LERMA,

7          Plaintiff,                    CV F 06 1463 OWW WMW P

8          vs.                           ORDER DISMISSING
                                               COMPLAINT
9   _____  WITH LEAVE TO AMEND

10  M. ONEAL,

11         Defendant.

12

13

14

          Plaintiff is a former state prisoner proceeding pro se.  Plaintiff

15
    seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to
16
    this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).
17
          This action proceeds on the complaint.  Plaintiff, formerly an
18
    inmate in the custody of the Kern County Sheriff's Department, brings
19
    this civil rights action against defendant Sheriff's Deputies employed by
20
    Kern County.
21
          The complaint in this action consists of a form complaint that
22
    indicates Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983, but does
23
    not allege any facts.  The statute plainly requires that there be an actual
24
    connection or link between the actions of the defendants and the
25
    deprivation alleged to have been suffered by plaintiff.  See Monell v.
26
                                         1

1   **Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S.**

2   **362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another**

3   **to the deprivation of a constitutional right, within the meaning of section**

4   **1983, if he does an affirmative act, participates in another's affirmative**

5   **acts or omits to perform an act which he is legally required to do that**

6   **causes the deprivation of which the complaint is made."  Johnson v.**

7   **Duffy, 588 F.2d 740, 743 (9th Cir. 1978).**

8         **If plaintiff chooses to amend the complaint, plaintiff must**

9   **demonstrate how the conditions complained of have resulted in a**

10  **deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625**

11  **F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms**

12  **how each named defendant is involved.  There can be no liability under**

13  **42 U.S.C. § 1983 unless there is some affirmative link or connection**

14  **between a defendant's actions and the claimed deprivation.  Rizzo v.**

15  **Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.**

16  **1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).**

17        **In addition, plaintiff is informed that the court cannot refer to a**

18  **prior pleading in order to make plaintiff's amended complaint complete.**

19  **Local Rule 15-220 requires that an amended complaint be complete in**

20  **itself without reference to any prior pleading.  This is because, as a**

21  **general rule, an amended complaint supersedes the original complaint.**

22  **See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an**

23  **amended complaint, the original pleading no longer serves any function**

24  **in the case.  Therefore, in an amended complaint, as in an original**

25  **complaint, each claim and the involvement of each defendant must be**

26

1    **sufficiently alleged.**

2        **In accordance with the above, IT IS HEREBY ORDERED that:**

3            **1.  Plaintiff's complaint is dismissed; and**

4            **2.  Plaintiff is granted thirty days from the date of service of**

5    **this order to file a first amended complaint that complies with the**

6    **requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,**

7    **and the Local Rules of Practice; the amended complaint must bear the**

8    **docket number assigned this case and must be labeled "First Amended**

9    **Complaint."  Failure to file an amended complaint in accordance with**

10   **this order will result in a recommendation that this action be dismissed.**

11

12

13

IT IS SO ORDERED.

14

**Dated:    June 15, 2007**                          **/s/  William M. Wunderlich**

15                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26